UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John S. Picard,                                                                                    Case No. 1:23-cv-1416

          Petitioner,

v.                                                                                                          ORDER

Warden Shelbie Smith,

          Respondent.

Petitioner John S. Picard[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in two Richland County, Ohio Court of Common Pleas cases – Case Number 2008-cr-545 and Case Number 2009-cr-111. (Doc. No. 1). Because this was Picard's third habeas petition challenging one or both convictions, Respondent moved to transfer the petition to the Sixth Circuit for determination of whether Picard could proceed with a second or successive habeas petition. (Doc. No. 6). Picard did not respond to that motion, and I subsequently granted it. (Doc. No. 8).

The Sixth Circuit concluded that the portion of Picard's petition challenging his convictions and sentences in Case Number 2008-cr-545 was not second or successive because Picard had received a full resentencing hearing in that case in 2013, which resulted in a new judgment against him. (Doc. No. 10 at 3-4). Therefore, the Sixth Circuit concluded, Picard can proceed with his petition as it relates to Case Number 2008-cr-545.

---

[1] Picard currently is incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio, where Shelbie Smith is the Warden. I order the Clerk of Court to substitute Smith as the Respondent in this case. Fed. R. Civ. P. 25(d).

The Sixth Circuit then concluded Picard cannot proceed with his petition as it relates to Case Number 2009-cr-111 because he previously challenged his convictions and sentences in that case and because the 2013 resentencing "had no impact on his challenge to his convictions and sentences in Case Number 2009-CR-111." (*Id.* at 4). The court further concluded Picard had not satisfied the statutory requirements to file a second or successive habeas petition as to Case Number 2009-cr-111. (*Id.*).

After the case was remanded, Picard filed an ex parte "motion for clarification on remand order." (Doc. No. 11 at 1).[2] But what Picard labels as a request for clarification is in effect a motion for entry of judgment in his favor. While he initially expresses confusion on how to proceed only with his claims related to Case Number 2008-cr-545, because the two cases were consolidated for trial and his sentences are contained only in a sentencing entry in Case Number 2009-cr-111, Picard proceeds to declare "[t]he only recourse available to the Court, in order to preserve Petitioner's 14[th] Amendment to the U.S. Constitution's Due Process rights, would be to vacate the Sentencing Judgment in Case No. 2009 CR 111 and retry Petitioner in separate proceedings." (*Id.* at 4) (emphasis in original). (*See also id.* at 6) ("Petitioner moves this Honorable Court to Vacate Case No. 2009 CR 111 . . . .").

I deny Picard's request to vacate his conviction. Not only does his request directly contradict the Sixth Circuit's conclusion that Picard cannot present a further challenge to his convictions and sentences in Case Number 2009-cr-111, Picard also attempts to make an end-run around § 2254's mandate that a court may not grant a habeas petition unless the petitioner has shown the state court's resolution of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[2] While Picard filed his motion ex parte, he subsequently served a copy of the motion on Respondent. (Doc. No. 12).

2

of the United States; . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). His motion does not make any such showing.

      The Sixth Circuit held Picard may pursue his constitutional challenges to his convictions and sentences in Case Number 2008-cr-545 only, and this court will only consider those portions of Picard's habeas petition. I deny his motion. (Doc. No. 11).

      So Ordered.

                                                      s/ Jeffrey J. Helmick
                                                      United States District Judge